# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 KHRISTOPHER R. WILLIS**
**United States Army, Appellant**

ARMY 20110217

Headquarters, I Corps (Rear) (Provisional)
Kwasi L. Hawks, Military Judge
Colonel Walter M. Hudson, Staff Judge Advocate (pretrial)
Lieutenant Colonel Gregg A. Engler, Acting Staff Judge Advocate (recommendation)
Colonel Kurt A. Didier, Staff Judge Advocate (addendum)

For Appellant:  Major Richard E. Gorini, JA; Colonel Edye U. Moran, JA (on brief).

For Appellee:  Major Amber J. Williams, JA (on brief).

31 January 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of absence without leave, disrespect toward a superior commissioned officer, disrespect toward a superior noncommissioned officer, wrongful use of cocaine, wrongful use of marijuana, and wrongful distribution of cocaine, in violation of Articles 86, 89, 91, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 891, and 912a [hereinafter UCMJ].  Contrary to his pleas, the military judge found appellant not guilty of willful disobedience of a superior commissioned officer and guilty of assault upon a superior commissioned officer in violation of Article 91, UCMJ.  The convening authority approved the adjudged sentence to a bad-conduct discharge and confinement for sixty days. Appellant was credited with 129 days of confinement credit against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant's defense appellate counsel submitted the case for our review on its merits and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J.

431 (C.M.A. 1982). We have considered the record of trial and the matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We conclude that, in the context of the entire colloquy, appellant failed to admit facts sufficient to establish that he was disrespectful toward a superior commissioned officer in violation of Article 89, UCMJ, as that offense was pled in Specification 2 of Additional Charge II. Therefore, we find a substantial basis in fact to disapprove the finding of guilty to that offense. *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

We also find the evidence factually insufficient to establish beyond a reasonable doubt that appellant assaulted a noncommissioned officer as that offense was alleged in Specification 1 of Additional Charge III in light of the circumstances surrounding that event and the following testimony from the victim: "When I shoved the door open, it hit Private Willis in the face. Private Willis obviously thought that as an attack on him and he punched me in the face." *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (holding that factual sufficiency review "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses").

Therefore, on consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty of Specification 2 of Additional Charge II and Specification 1 of Additional Charge III are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

2